**Melanie BAUGHMAN, et al, Plaintiffs**

v.

**LEE COUNTY, MISSISSIPPI, et al, Defendants.**

**Civil Action No. 1:07CV239.**

United States District Court, N.D. Mississippi, Eastern Division.

May 20, 2008.

Michael D. Cooke, Michael D. Cooke, Attorney, Iuka, MS, for Plaintiffs.

John Johnson, Tupelo, MS, pro se.

William C. Murphree, Michael D. Chase, Stephen Pierce Spencer, Mitchell, McNutt & Sams, Gary L. Carnathan, Carnathan &

McAuley, Tupelo, MS, for Defendant Lee County, Miss.

### ORDER

MICHAEL P. MILLS, Chief Judge.

This cause comes before the court on the motion of defendant Lee County, Mississippi to sever, pursuant to Fed.R.Civ.P. 21. Plaintiffs Melanie Baughman *et al* have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is, *inter alia*, a 42 U.S.C. § 1983 action involving twenty-seven plaintiffs, each of whom alleges that he or she was unnecessarily strip-searched at the Lee County Jail, in violation of his or her Constitutional rights. A party seeking joinder of claimants under Rule 20 must establish (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *See* Fed. R.Civ.P. 20(a). In deciding whether claims should be severed pursuant to Rule 21, this court determines (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *See McFarland v. State Farm Fire & Cas. Co.*, 2006 WL 2577852 (S.D.Miss.2006), *citing Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (S.D.N.Y.1999).

In analyzing the joinder issues in this case, the court finds persuasive the reasoning of Magistrate Judge Robert H.

Walker in *McFarland*, a Hurricane Katrina case in which hundreds of plaintiffs sought to join together to assert insurance fraud and other claims against State Farm. This case, like *McFarland*, involves plaintiffs who assert what are superficially similar claims but which will require different fact witnesses and individualized proof regarding damages. This lawsuit does not arise from a single incident in which large numbers of inmates were strip-searched at the same time. To the contrary, the complaint alleges a series of allegedly unlawful strip searches which took place between 2005 and 2007, and each incident will require individualized proof regarding the circumstances and nature of the strip search in question. Moreover, each plaintiff alleges that he or she suffered emotional distress damages as a result of being strip searched, and federal law requires that, to recover emotional distress damages, a § 1983 plaintiff must demonstrate a "specific discernable injury to [his] emotional state" resulting from a constitutional violation, proven with evidence regarding the "nature and extent" of the harm. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 938–40 (5th Cir.1996).

The foregoing considerations make it clear that, as in *McFarland*, the similarity between the claims of the various plaintiffs in this case is more illusory than real. As noted by Judge Walker in *McFarland*:

> The Court concludes that the Plaintiffs should be required to file separate complaints. Although there may be some common issues of law and fact, the Court finds that the Plaintiffs have not met the same transaction or occurrence prong of Rule 20(a). In a superficial sense, the hurricane was a common occurrence; however, the storm was vastly different in its effect depending on the specific geographic location of each particular home. Although Plaintiffs each held basically the same standard homeowner's policy, each insurance contract is a separate transaction.... Likewise, any alleged negligent or fraudulent misrepresentations by insurance agents constitute separate transactions or occurrences.

*McFarland*, at *1. In the court's view, Judge Walker's observations apply equally to the claims of the plaintiffs in this case.

In opposing severance, plaintiffs' primary argument is that it would be costly in time and money to try these lawsuits individually. However, it is not a goal of the federal judiciary to implement justice on the cheap by compromising the basic integrity of the judicial process. The court has little doubt that a jury would find it impossible to give plaintiffs' claims the individual attention and scrutiny which they deserve if they were joined together in the manner sought. Differing facts among the claimants would likely far exceed common facts. Mississippi state courts have, in recent years, moved away from the "herd justice" approach once prevailing in those courts. *See Citifinancial, Inc. v. Moody*, 910 So.2d 553, 560–61 (Miss.2005). There is little doubt that plaintiffs would be unable to maintain these mass-joined claims in Mississippi state court. No valid reason dictates that Mississippi federal courts should be any less attentive to ensuring that juries are not overwhelmed by mass-joined actions such as the present one. Defendant's motion to sever [18–1] should be granted.

Having granted defendant's motion to sever, this court will follow Judge Walker's approach in *McFarland* to implement this severance. It is therefore ordered that:

(1) All plaintiffs' claims in Civil Action No. 1:07cv239 shall be severed into individual actions, one for each plaintiff, and the Clerk shall assign a new civil action number for each severed claim.

(2) The Clerk shall copy the pleadings and exhibits from Civil Action No.

1:07cv239, which shall then be included as part of the record for each severed action. Each of the previous filings will be deemed filed in the new cases as of the dates shown on the docket sheet for Civil Action No. 1:07cv239.

(3) The current case, No. 1:07cv239, shall be closed upon the individual cases being severed and replaced by the new filings.

(4) Within (30) days of this Order, Plaintiffs shall file an amended complaint and filing fee in each new civil action.

(5) All pre-discovery disclosure of case information or other cooperative discovery devices provided for by the Uniform Local Rules of the United States District Courts of Mississippi 26.1(A) and Federal Rules of Civil Procedure 26(a)(1) which have not been previously furnished by the parties shall be disclosed pursuant to said rules. Should the court find that common questions of law or fact exist in separate cases, the court may then order those cases consolidated as provided in Fed.R.Civ.P. 42(a).

(6) All severed cases shall remain assigned to United States District Judge Michael P. Mills and United States Magistrate Judge S. Allan Alexander.